PEOPLE ex rel. MILLER v. POLICE COMRS.    513

First Department, July Term, 1877.

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS MILLER, v. THE BOARD OF POLICE COMMISSIONERS.

*Certiorari — what it brings up for review.*

Certiorari to review the proceedings of the board of police commissioners, in removing the respondent from the office of sergeant of police.

With reference to what questions were brought up by the *certiorari*, the court, at General Term, said: "If we were to look at the returns in this case as a bill of exceptions upon the trial of an action at law, we might be constrained to hold that some of the rulings of the board upon this trial, touching the admission or rejection of evidence, were erroneous. But we do not understand it to be the province of a *certiorari* of this kind to bring such questions before us for review. In our judgment all that is before us for consideration are the questions whether the board had jurisdiction of the subject-matter and person of the relator; whether the relator was regularly tried in accordance with the rules and regulations established by the board, having an opportunity to be present to be heard; and whether upon such trial competent and legal testimony, sufficient to justify the conclusion of the board in finding him guilty upon the charges. If we go beyond those questions we subject this special and statutory tribunal to all the rules, technical and otherwise, that attend trials in courts of common law, and we substantially disarm the board of commissioners of the summary powers intended to be conferred upon them for the purpose of preserving a competent and efficient police. Every removal of a member of the force will be the subject of review; and every technical error or departure from the established rules of evidence in courts of law, will be instruments to thwart the discipline sought to be maintained by the rules of the board, and to keep unfit persons in the position of members of the force. Besides, the calendars of this court and the Court of Appeals will be thronged with cases of this kind, for the purpose of reviewing the decisions of the board upon questions of evidence, independently of the guilt or innocence of

the officer charged with the breach of discipline. We think the numerous and extremely conflicting cases upon questions arising upon the common-law writ of *certiorari* do not require us to go this length. The evidence upon the question whether the relator was guilty of the charge and specification in this case was conflicting. There was enough, however, of positive and direct evidence, corroborated by circumstantial evidence, to justify the commissioners in reaching their conclusion."

*W. W. Ladd*, for the relator.    *Charles J. McLean*, for the defendants.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Proceedings and decision affirmed and writ quashed, with costs.